[Stroud *v.* Bailey.]

# Stroud *versus* Bailey.

A testator bequeathed to his widow $3,500 per annum during her life. By a codicil to his will he declared that "in the event of my wife Louisa deciding to marry again, the allowance before made to her of $3,500 per annum shall cease on the day of her marriage, and the sum of $1,000 per annum is to be paid to her thereafter during her life." Held, that as there was no distinct limitation over of the legacy in the event of the widow's marriage, and as the annuity was not charged specifically upon real estate, the condition was void because in restraint of marriage.

CERTIFICATE from Nisi Prius.    In Equity.

Opinion of the court by

STRONG, J.—The question raised has been so frequently and thoroughly considered by this court heretofore, that little need be said in regard to it.  The testator gave to his widow $3,500 per annum during her life.  By a codicil to his will he declared that " in the event of my (his) wife Louisa deciding to marry again, the allowance before made to her of $3,500 per annum shall cease on the day of her marriage, and the sum of $1,000 per annum is to be paid to her thereafter during her life."   The limitation of the $3,500 annually was clearly a limitation for life, and not during the widowhood, and it was to be defeated by the happening of a subsequent event, to wit, the marriage of the legatee.  It would be difficult to express in plainer language than the testator has done, his intention that the widow's marriage should work a forfeiture of the annuity which he had previously given.  The object of the provision was to impose a penalty, not to mark the extent of the interest given.  The language of Judge Kennedy in *McIlvain* v. *Gethen*, 3 Whar. 575, may well be used.   "If it be possible to make widowhood a condition subsequent in any case, upon the observance of which the wife shall continue to enjoy and receive the gift of the husband, it must be so considered in the case before us."  Then as there is no distinct limitation over of the legacy in the event of the marriage of the widow, and as the annuity was not charged specifically upon real estate, and thus made to partake of the character of realty, the condition is void because in restraint of marriage. *McIlvain* v. *Gethen, supra ; Hoopes* v. *Dundas,* 10 Barr, 75 ; *Connell* v. *Lovett's Executor,* 11 Casey, 100.   In the latter of these cases the distinctions on the subject are very well pointed out, and full reference is made to the authorities.  The alleged consent of the complainant to the codicil at the time it was made can have no effect upon its construction, nor could any act or declaration of her while she was covert bind her not to assert

the invalidity of the condition. Nor is she estopped by her election to accept the provisions of the will and codicils in lieu of any dower or other legal provision that might enure to her by law. The provisions of the will and codicils are those which the law declares to be the effect of the testator's lan-. guage.

The decree at Nisi Prius must therefore be reversed.

And now, to wit, May 6th, 1861, this cause having come on for argument, and having been duly argued by counsel, after consideration it is ordered, adjudged, and decreed, that the decree made at Nisi Prius be reversed, and it is further ordered, adjudged, and decreed that the complainant, Marie Louisa Stroud, remain entitled to have and receive the annuity of $3,500 bequeathed to her by the will of Joseph T. Bailey, deceased, and that her right to receive the same has not been impaired by her intermarriage with Morris R. Stroud, and the defendants are ordered to pay to her out of the estate of the said testator the said sum of $3,500 per annum, and to pay forthwith all arrears of the said annuity from the date of her second marriage, with interest thereon. And the complainants shall have. liberty to apply for further order.